WHITE & WELLS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20035.    Promulgated March 26, 1930.

*Henry F. Parmelee, Esq.,* and *Barry Mohun, Esq.,* for the petitioner.

*L. A. Luce, Esq.,* and *F. L. Van Haaften, Esq.,* for the respondent.

418

OPINION.

SMITH: The only point in issue in this proceeding is the amount of profit realized by the petitioner upon the sale of its Naugatuck factory in 1920 for $150,000. The respondent has determined the amount of the profit to be $82,095.14. He contends that the residual value of the tangibles at the date of sale was $67,904.86 and that the amount received in excess of that amount constitutes profit. The petitioner does not challenge the correctness of the respondent's determination of the residual value of the tangibles, but contends that to such value should be added the good will or going-concern value of the Naugatuck factory on March 1, 1913, which it contends was at least $73,689.75. The calculation by which the petitioner reaches this result is as follows:

| | |
|---|---|
| Total value of net tangible assets for 5-year period, 1908–1912 | $290,191.05 |
| Average yearly value of net tangible assets | 58,038.21 |
| Total net earnings for 5-year period | 102,708.87 |
| Average yearly net earnings | 20,541.77 |
| Deduct: 10 per cent return on average net tangible assets | 5,803.82 |
| Average yearly earnings attributable to intangible assets | 14,737.95 |
| Multiply to capitalize on a 5-year purchase | 5 |
| Value of petitioner's good will on Mar. 1, 1913 | 73,689.75 |

The pertinent provision of the applicable statute is section 202 (a) of the Revenue Act of 1918, which provides, so far as material, as follows:

That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; * * *

In support of its contention that the going-concern value of its Naugatuck factory should be taken into account in determining the March 1, 1913, value thereof the petitioner relies upon the decision of the Circuit Court of Appeals for the Second Circuit in *Pfleghar Hardware Specialty Co.* v. *Blair*, 30 Fed. (2d) 614. In that case the

vendor corporation sold its plant in 1919 to the English & Mersick Co. and went out of business. The question before the court was the March 1, 1913, value of the property sold. The Government contended that to the residual value of the tangibles there should be added nothing for the good will or going concern value at March 1, 1913, for the reason (1) that the vendor had no good will to sell; (2) that if it had such good will such good will was not sold; (3) that if good will existed and was sold, there was no proof of its value as of March 1, 1913; and (4) that no proof was made of the original cost of such good will and that such proof was necessary. All of the contentions of the Government were overruled by the court. The principal contention of the Government appears to have been that inasmuch as the vendor corporation manufactured goods for a sole customer no good will could attach to the business. The evidence was held to show that the vendor corporation possessed good will on March 1, 1913, and on the date of the sale of its factory in 1919, though practically all of its products were purchased by one customer. " Good will " was held to mean every possible advantage acquired by the old firm in the progress of its business, whether connected with debts, business, or with the name of the old firm, or with any matter carrying with it benefit of business.

In this proceeding the respondent attempts to differentiate the *Pfleghar Hardware Specialty Co.* case from the instant case since in the former the company sold its plant and went out of business, whereas, in the instant proceeding, the petitioner sold only one of its factories and continued in the general paper-box business. It is further contended that the United States Rubber Co. did not buy the good will of the petitioner or of the Naugatuck factory because the Naugatuck factory was designed especially for manufacturing supplies for the rubber company; that it was not necessary for the rubber company to buy any good will of the plant.

We are of the opinion that there is no sound basis for distinguishing the instant case from that of the *Pfleghar Hardware Specialty Co.* case. The question before us here is the fair market value of the Naugatuck factory as a going concern on March 1, 1913. The evidence indicates that it was operating at a good profit and we are by no means persuaded that the factor of profitable operation should not be taken into account in computing the fair market value. It is to be assumed that a manufacturer doing a profitable business will not sell his plant at any date for the residual value of its tangibles. The Commissioner also contends that the petitioner did not sell any good will when it sold its Naugatuck factory. We believe that it did. The record indicates that the petitioner had been doing a profitable business with the United States Rubber Co. or its subsidiaries for a

long period of years. Such a business relationship had value. Our concern here is the determination of that value. Petitioner contends that that value on March 1, 1913, was $73,689.75. We have above set out the formula by which it reaches such valuation. The respondent criticizes this formula for the reason that two years of the period of operation, namely, 1908 and 1909, were under contracts antedating the contracts of 1910 and that the operating results of those two years are not a criterion in the determination of the March 1, 1913, value. We think this criticism is sound. Presumably, the rubber companies in the making of the contracts of 1910 either obtained better prices from the petitioner or else the costs of operation under the contracts effective April 1, 1910, were less advantageous to the petitioner.

We are of the opinion that the determination of the going-concern value of the petitioner on March 1, 1913, should be predicated upon operating results covering the years 1910, 1911, and 1912 and exclude the results obtained under the earlier contract in February for the years 1908 and 1909.

From a consideration of the entire record we reach the conclusion that the going-concern value of the petitioner's Naugatuck factory on March 1, 1913, was the amount of $31,441.60, which amount, added to the residual value of the tangibles of $67,904.86, gives a basis for the determination of the profit upon the sale of the Naugatuck factory of $99,346.46. Since such factory was sold in 1920 for $150,000 cash, the profit realized upon the sale was $50,653.54.

*Judgment will be entered under Rule 50.*